IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV146-V-02
(5:03CR32-V)

| | |
|---|---|
| **ALFREDO LEON-SANCHEZ,** )<br>    **Petitioner,** )<br>)<br>   v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>    **Defendant.** )<br>_____) | <u>ORDER</u> |

**THIS MATTER** comes before the Court upon Petitioner's "Rule 59(e) Motion To Alter, Amend, Modify or Reconsider," filed September 11, 2008 (document # 8); and on his "Motion To Construe Previously Filed Motion To Alter, Amend or Reconsider, Pursuant [To] Civil Rule 59(e) As A Motion Under Civil Rule 60(b)," filed September 15, 2008 (document # 9).

As was recounted more fully in the Court's Order of dismissal(filed July 25, 2008, document # 6), on July 29, 2003, Petitioner was charged with possession with intent to distribute 500 grams or more of cocaine powder, in violation of 21 U.S.C. § 841. (Case No. 5:03CR32, document # 4). On April 5, 2004, Petitioner's two-day jury trial began. At the outset of that trial, the Court denied Petitioner's previously filed Motions to Suppress and to Dismiss. (Case No. 5:03CR32, document ## 11 and 14).

Thereafter, the government presented evidence through the

testimony of eight witnesses who recounted the circumstances of Petitioner's traffic stop and the seizure of nearly four kilograms of cocaine and a small quantity of crystal methamphetamine from a hidden compartment inside the vehicle which Petitioner was driving. For his part, Petitioner, through his counsel, argued for a judgment of acquittal on the ground that the Government's evidence was insufficient to establish that Petitioner knowingly possessed with intent to distribute the subject drugs. However, that motion was denied. After Petitioner was advised by the Court of his right to testify and after he conferred with his counsel, Petitioner decided not to testify.

The jury then considered the attorneys' closing arguments and received instructions from the Court. Following its deliberations, the jury found Petitioner guilty of having possessed with intent to distribute at least 500 grams of cocaine. (Case No. 5:03CR32, document # 50). On April 13, 2004, Petitioner filed post-verdict Motions for Judgment of Acquittal and for a New Trial. (Id., document ## 51 and 53). However, on April 23, 2004, the Court entered an Order denying both of those Motions. (Id., document # 55).

On September 27, 2004, Petitioner filed a Sentencing Memorandum arguing that he was entitled to a three-point reduction for acceptance of responsibility. (Id., document # 58). By that Memorandum, defense counsel argued that Petitioner had gone to

2

trial for the sole purpose of maintaining and preserving his pre-trial challenges to the evidence and the indictment; therefore, counsel argued that Petitioner still was entitled to the three-point reduction. However, during Petitioner's Sentencing Hearing, held October 4, 2004, the Court declined to grant the three-point reduction, finding that Petitioner was not eligible for it because his trial contested both the constitutionality of the search and seizure <u>and</u> the question of his guilt.

Ultimately, the Court determined that Petitioner's total Offense Level was 30, his Criminal History was II, and that his corresponding range of imprisonment was 108 to 135 months. Thereafter, the Court sentenced Petitioner to a term of 120 months imprisonment. Petitioner timely gave notice of his appeal to the Fourth Circuit Court of Appeals. (<u>Id</u>., document # 59).

On appeal, Petitioner argued that this Court erred in quashing his subpoenas requesting documents from the Iredell County Sheriff's Department and in denying his motion to suppress under the Fourth Amendment. <u>United States v. Leon-Sanchez</u>, 150 Fed. App'x 186, 187 (4th Cir. Sept. 23, 2005). Petitioner further argued, in the alternative, that the Fifth Amendment's Equal Protection Clause required the suppression of the evidence because his traffic stop was racially motivated; that this Court improperly denied his motions for a judgment of acquittal or a new trial; and that his sentence was unlawful under <u>Blakely v.</u>

Washington, 542 U.S. 296 (2004) because it was based upon facts which were not found by the jury and/or the jury's finding that he dealt with nearly four kilograms of cocaine represented a fatal variance from the Indictment's allegation that he had dealt with 500 grams or more. Leon-Sanchez, 150 Fed. App'x at 187-88. However, the Circuit Court rejected all of those claims. Subsequently, the U.S. Supreme Court denied Petitioner's Petition for a Writ of Certiorari. United States v. Leon-Sanchez, 546 U.S. 996 (2005).

Thus, on November 3, 2006, Petitioner returned to this Court with numerous claims, the gist of which were that: (1) he was subjected to numerous instances of ineffective assistance of counsel; (2) even if such failures individually did not rise to the level of constitutional violations, the cumulative effect of them constituted ineffective assistance of counsel; (3) his Fifth Amendment right to due process and his Sixth Amendment rights were violated when his statutory maximum sentence was increased based upon facts which were not charged in his Indictment, presented to the jury, proven beyond a reasonable doubt or admitted by him; (4) his Fifth and Sixth Amendment rights to due process, notice and a jury trial and his statutory rights under 18 U.S.C. § 3553(a) were violated when the Court increased his statutory maximum sentence in violation of United States v. Booker, 543 U.S. 220 (2005); (5) he was denied his Fifth Amendment right to

4

due process because the Court lacked knowledge of the available range of sentencing discretion which was available by virtue of the changes announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny; and (6) his conviction and sentence violate his First, Fourth, Fifth, Sixth and Eighth Amendment rights to free speech and petition, to be free of unreasonable searches and seizures, to due process, to the effective assistance of counsel, to confront the witnesses against him, to present a defense, to compulsory process and to be free of cruel and unusual punishment.

After careful consideration, however, the Court determined that Petitioner's Motion to Vacate had to be summarily dismissed for his failure to state a constitutional claim for relief. More particularly, the Court determined that several of Petitioner's claims procedurally were barred, either due to the Fourth Circuit's explicit or tacit rejection of them, or to Petitioner's unexcused failure directly to raise the claims on appeal. The Court further determined that all but one of Petitioner's claims against his attorney were conclusory, factually and/or legally baseless; and that although Petitioner's final claim, which also was against his attorney, was not conclusory, it still was legally baseless. Thus, on July 25, 2008, the Court entered an Order dismissing Petitioner's Motion to Vacate (document # 6).

Thereafter, Petitioner filed the instant Motions seeking

5

reconsideration pursuant to Rule 60(b) (document ## 8 and 9). However, Petitioner also has filed his notice of appeal with the Fourth Circuit Court of Appeals (document # 11), and his case currently is pending there.

In any event, by his Motion to Reconsider, Petitioner asserts that this Court failed to address one of two arguments which he raised in support of his claim that he was subjected to ineffective assistance of counsel "in the plea process." In particular, Petitioner's amended Motion to Vacate alleged that counsel was ineffective due to his failure to: "advise [Petitioner] as to all facts and law relevant to his decision to plead not guilty and proceed to trial. Had [Petitioner] been fully advised, there is a reasonable probability that [he] would have pleaded guilty and/or proceeded to a bench trial on stipulated facts. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different."

The instant Motion to Reconsider now asserts that this Court "should have construed" the foregoing language as alleging, in part, that counsel was ineffective for his "failure to advise [Petitioner] to plea[d] guilty instead of proceeding to trial 'at all' . . . because after the denial of his motion to suppress the evidence found in his car, it was impossible to win his case in

any type of trial."[1]

However, a review of Petitioner's Motion to Vacate simply does not support his contention that this Court ignored or failed properly to construe his Motion to Vacate as having raised the subject claim. Indeed, a careful review of the numerous assertions which Petitioner raised in support of his claim that counsel was ineffective during the "plea process" makes it clear that the claim was focused on counsel's alleged failure to secure a bench trial for Petitioner so that Petitioner could have preserved his appellate rights and obtained a three-level reduction for having accepted responsibility.

For instance, Petitioner asserted that: (1) "counsel could have but did not advise [Petitioner] that he could and should have counsel move for a continuance and a bench trial on stipulated facts instead of a trial to the jury on contested facts"; (2) "[c]ounsel could have but did not fully advise [Petitioner] as to the requirements for obtaining a reduction in his sentence for 'acceptance of responsibility'"; (3) "[c]ounsel could have but did not advise [Petitioner] that if he proceeded to a jury trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free"; (4) "[c]ounsel could have but did not fully advise

---

[1] The second argument which Petitioner identifies -- "that counsel failed to advise Petitioner of the potential option of a bench trial" -- reportedly was addressed by this Court to an extent which was acceptable to Petitioner; therefore, that claim is not a part of his Motion to Reconsider.

7

[Petitioner] that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to *any* defenses at sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors" (emphasis in original); (5) "[c]ounsel's acts and omissions set forth in [the preceding paragraphs] were due to an incomplete investigation of the law relevant to [Petitioner's] determination [concerning] whether to proceed to a bench or jury trial"; (6) "[c]ounsel could have but did not investigate case law such as . . . [out-of-circuit cases relating to reductions in offense levels for acceptance of responsibility after bench trials on stipulated facts]"; (7) "[c]ounsel could have but did not investigate the plain language of U.S.S.G. § 3E1.1, Commentary, Application Note 2 . . . [concerning reductions for acceptance of responsibility]"; (8) "[i]f prior to advising [Petitioner] to proceed to a jury trial, counsel had conducted and independent investigation of the facts, circumstances, pleadings and laws involved in [Petitioner's] case, he would have advised [Petitioner] instead to ask counsel to move for a bench trial on stipulated facts"; and (9) "[t]he advice received from counsel regarding whether to [go to] a jury trial or bench trial on stipulate facts was so incorrect and so insufficient that it undermined [Petitioner's] ability to make a

8

voluntary and intelligent choice among the alternative courses of action open to him."

As is apparent from the foregoing, these assertions do not reflect or even suggest that Petitioner was attempting to argue that counsel failed to advise him to plead guilty following the denial of his Motion to Suppress. In fact, Petitioner essentially concedes that he was aware of the option of entering an unconditional guilty plea as reflected in his assertion that "[i]n actual fact, [Petitioner] was not even aware that he had <u>any other option but to either proceed to [a] jury trial or plead guilty</u> and, by pleading guilty, lose his chance to appeal the denial of the motion to suppress" (emphasis added).

Furthermore, the only other mention that the subject claim makes of counsel's performance in connection with the suppression motion is his assertion that "[c]ounsel could have but did not fully advise [Petitioner] that he could obtain appellate review of the denial of his motion to suppress, while still likely obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review." Accordingly, this assertion, along with the others, tends to confirm the Court's impression that the subject claim was focused on alleging that counsel failed to secure a bench trial -- not that counsel failed to advise Petitioner to

9

enter an unconditional guilty plea.  Therefore, the Court finds that such assertions are insufficient to support Petitioner's current argument that this Court failed properly to construe his claim.

Equally critically, the Court finds that since the subject argument was not raised in Petitioner's Motion to Vacate, that claim must be rejected as successive and unauthorized.  See 28 U.S.C. § 2244(B)(1) (concerning the requirement for Fourth Circuit authorization for successive habeas claims or applications).

Indeed, it is well settled that the Antiterrorism and Effective Death Penalty Act of 1996 places limitations on prisoners' abilities to file post-judgment challenges to their collateral proceedings.  The Fourth Circuit has determined that motions directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications.  United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998).  As such, those motions must be denied "when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Id. at 206.

In sum, therefore, Petitioner is attempting to raise a new

claim in support of his previously dismissed Motion to Vacate. Accordingly, Petitioner's claim is successive and this Court lacks jurisdiction to consider that matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Construe Previously Filed Motion to Alter . . . as a Motion Under Civil Rule 60(b) (document # 9) is **GRANTED**; and

2. Petitioner's Rule 59(e) Motion to Alter, Amend, Modify, Or Reconsider (document # 8), construed as a motion to reconsider under Fed.R.Civ.P. 60(b), is **DISMISSED**.

**SO ORDERED.**

Signed: January 21, 2009

Richard L. Voorhees
United States District Judge